## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| MITCHELL MOORE, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 1:23-CV-128-ACL |
| CYNTHIA REESE, | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Mitchell Moore, Jr. (registration no. 519368), an inmate at Southeast Correctional Center ("SCC"), for leave to commence this civil action without payment of the required filing fee. ECF No. 2. While incarcerated, plaintiff has brought at least three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice.

### The Complaint

On August 3, 2023, self-represented plaintiff Mitchell Moore, Jr. filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff brings his claims against Cynthia Reese, who he describes as the Institutional Chief of Mental Health Services. Plaintiff names defendant in both her official and individual capacities.

In the complaint, plaintiff asserts he filed an Informal Resolution Request ("IRR") on July 29, 2022 to request placement "in a[n] environmental setting that has on duty personnel who is qualified to treat those with . . . a[n] extreme psychiatric history." *Id.* at 4. Plaintiff claims he has

"constantly explained to Cynthia Reese that because of [his] inabilities to function in a general population setting (including protective custody) that eventually it would cause/create future problems and [he] will be punished." *Id.* The IRR response, which plaintiff attached to his complaint indicated the following, in pertinent part:

1. Referrals for mental health units are initiated by the mental health teams; if a referral is indicated.
2. Your mental health score is below the standard needed for referral and you were able to live successfully in protective custody and were there for two months recently.
3. You are in segregation due to your behavior or choices, not mental illness.
4. I encourage you to remain CDV free and work towards release from segregation to a general population or protective custody setting.

*Id.* at 8.

Plaintiff subsequently filed another grievance asking to be referred to a mental health specialty unit, and defendant Reese responded as follows:

1. You do not meet the basic criteria for admission to a specialty unit. You are an MH3 and per IS12-3.6; IIIB1: Criteria for admission to a Mental Health Unit are, at minimum, a level 4 mental health score.
2. Other criteria listed in IS12-3.6 refer to inability to live in a general population setting due to your chronic psychological problems or intellectual disability. You are currently living in the protective custody wing which is a general population setting.
3. Your grievance cannot be supported, as your record reflects that you do not meet the criteria for a referral to a Mental Health Unit per IS12-3.6. It is recommended that you submit an HSR if additional services are needed.

*Id.* at 13.

Plaintiff filed another IRR in January of 2023 complaining he should not have been assigned to administrative segregation after a confrontation he had with a correctional officer who "perceived [him] to be a threat." *Id.* at 4. This assignment allegedly caused the Missouri Department of Corrections Board of Probation and Parole to extend his "presumptive release date

2

to [his] maximum release date." *Id.* at 5. In response to this IRR, the institution made the following findings:

> After investigating your claim, you have provided no evidence, no[r] has any evidence been discovered that would indicate that staff have not made attempts to ensure your safety. You do have listed enemies in both Administrative Segregation and General Population. In your current assignment you are being kept separated from them and therefore are being provided protective custody. The THU coordinator indicated you have yet to apply for the THU program which is a self hinderance issue[.] Furthermore, it was determined by the warden/designee [] you would continue on the assignment for Administrative Segregation due to your continued violations and negative behavior.

*Id.* at 16.

Plaintiff states he informed defendant Reese that he is "targeted by other offenders not just in general population . . . but in [the] protective custody unit as well." *Id.* at 5. He describes himself as feeling "extremely uncomfortable, paranoi[d], and unable to properly function" with other offenders and institutional staff. He claims he spends more time in protective custody than in his cell because he is "afraid [he] may assault someone, or be a victim of assault." *Id.* Plaintiff indicates he "cannot count how many times staff had to come between others to prevent [a] possible physical altercation[.]" *Id.* He asserts he is in imminent danger of serious physical injury, but defendant Reese "refuses to submit [him] for treatment or seek reestablishment of [his] release date to the parole board." *Id.*

For relief, plaintiff requests the Court to "award [him] a large, substantial amount of money" and to be released from incarceration. *Id.* at 24.

## Discussion

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. Plaintiff has had more than three previous cases dismissed on the basis of frivolity or

3

failure to state a claim. As such, his instant motion to proceed *in forma pauperis* will be denied and his case will be dismissed without prejudice to refiling as a fully paid complaint.

    A. **Three Strikes Rule**

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time that he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

    B. **Plaintiff's Previous "Strikes"**

Review of this Court's files reveal that plaintiff, a prisoner, has accumulated more than three strikes by filing at least three previous cases that were dismissed as frivolous or malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Moore v. Feldman*, No. 4:18-cv-942-SPM (E.D. Mo. Aug. 6, 2018), *Moore v. Williams, et al*., No. 4:20-cv-537-RLW (E.D. Mo. May 15, 2020), and *Moore v. Williams*, No. 4:20-cv-1416-RLW (E.D. Mo. Feb. 3, 2021).

4

As a result of plaintiff's previous filings and dismissals, this Court is unable to permit plaintiff to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are insufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

After carefully reviewing the instant complaint, the Court finds his allegations do not demonstrate he is in imminent danger of serious physical injury. Plaintiff asserts he requested placement in a mental health unit because he persistently fears he will be assaulted or will assault another inmate. Plaintiff acknowledges the institution placed him in protective custody away from his listed enemies. With his complaint, plaintiff submitted grievance responses evidencing his medical record was reviewed in response to his special placement requests, but he was denied because he did not meet the criteria required. Although plaintiff states he cannot count the times staff had to "come between others to prevent [a] possible physical altercation," there is no evidence presented to show that he is in danger of being attacked in the future, other than pure speculation. Courts may deny *in forma pauperis* and find no imminent danger if the claims of imminent danger are conclusory. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330-331 (9th Cir. 2003) (citing *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (conclusory assertions of ongoing danger are insufficient).

Plaintiff has thus failed to demonstrate that the exception to the three strikes provision in § 1915(g) is applicable to him.  Therefore, the Court will deny plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice to plaintiff refiling a fully paid complaint.

5

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 4. The motion will be denied as moot as this action is being dismissed under the three strikes rule. *See* 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** to plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 21st day of September, 2023.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE